IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RAMIRO ARIAS,**  \*
Petitioner,  \*
\*
\*
v.  \*  Civil No. 07-1174 (DRD)
\*  Crim. No. 04-009(5) (DRD)
\*
**UNITED STATES OF AMERICA,**  \*
Respondent.  \*
\*

## OPINION AND ORDER

Ramiro Arias (hereinafter, "Petitioner" or "Petitioner Arias") proceeding *pro se*, has moved to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code ("section 2255"). Following a plea of guilty, Petitioner Arias was convicted of one count of aiding and abetting with intent to distribute narcotics in violation of 46 U.S.C. § 1903 (a), (c) (1) (D) and 18 U.S.C. § 2, and one count of conspiracy to import one thousand (1,000) kilograms or more of marihuana into the United States from a place outside thereof in violation of 21 U.S.C. § 952 (a) and 963. The Court of Appeals affirmed the sentence. United States v. Ramiro Arias, Appeal No. 05-2041 (1st Cir. August 1, 2006)(Unpublished).

In his present *pro se* motion, Petitioner seeks relief under the provisions of 28 U.S.C. § 2255, raising ineffective assistance of counsel for his counsel's alleged failure

```
Civil No. 07-1174 (DRD)
Criminal No. 04-009 (5)(DRD)                                              Page 2
```

to move for a downward departure under Guidelines section 4A1.3 presumably on the ground that the career offender designation overstated the seriousness of Petitioner's criminal history, and under Guideline section 5K2.0. For the following reasons, the Court **DENIES** his motion.

**I. BACKGROUND**

On December 2, 2004, a Federal Grand Jury returned a Two-Count Indictment charging the Petitioner with one count of possession with intent to distribute approximately two thousand four hundred ninety four (2,494) kilograms of marihuana, under an aiding and abetting theory, all in violation of 46 U.S.C. § 1903 (a), (c) (1)(D) and (f), and 18 U.S.C. § 2; and one count of conspiracy to import into the United States from a place outside thereof, that is, Colombia, South America, one thousand (1,000) kilograms or more marihuana, in violation of 21 U.S.C. §§ 952 (a) and 963. (Crim. D.E. #123).

On January 10, 2005, Petitioner filed a motion for change of plea. Cr. D.E.# 142. Accordingly, a date for change of plea was set for January 11, 2005 at which time the court took the Petitioner's plea to all two counts of the Indictment as guilty. Cr. D.E. # 152. The Presentence Report was filed on May 31, 2005, Crim. D.E.# 240, and no objections were raised. Petitioner was subsequently sentenced to two hundred and sixty two months to be served concurrently with Counts One and Two; concurrent five-year

```
Civil No. 07-1174 (DRD)
Criminal No. 04-009 (5)(DRD)                                              Page 3
```

terms of supervised release as to each of Counts One and Two; and a special monetary assessment of two hundred dollars . (Crim. D.E. # 243).

On June 8, 2005, Petitioner filed a Notice of Appeal. (Crim. D.E. # 249). Petitioner's attorney concluded that, after reviewing the record, there was no appealable issue that would be wholly non-frivolous. Accordingly, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asking to be relieved as counsel. Id. But Petitioner filed a pro se supplemental appellate brief. The First Circuit agreed with counsel, relieved counsel of his duties and decided as follows:

> "Counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1987), and appellant has submitted a pro se supplemental brief. Having reviewed the filings and the record on appeal, we agree with counsel that there was no non-frivolous issues on appeal. Appellant pled guilty to charges arising from the attempted importation of a large amount of marijuana into the United States. His sentence of 262 months' imprisonment, a severe one, particularly for a man of 50, reflects appellant's criminal history. **Appellant admitted the existence of three prior convictions for offenses involving importation of drugs into the United States. He was therefore designated a career offender and, as such, was disqualified from receiving the benefits of either the safety valve or a minor role adjustment. The resulting difference in sentence length between appellant and his co-defendants, first time offenders, cannot be considered a disparity, as appellant argues in his pro se brief, because the co-defendants and appellant were not similarly situated.** We can discern no non-frivolous issues on appeal. The judgment is affirmed. Counsel's request to withdraw from representation is granted." (Emphasis ours.)

```
Civil No. 07-1174 (DRD)
Criminal No. 04-009 (5)(DRD)                                         Page 4
```

See, United States v. Ramiro Arias, Appeal No. 05-2041 (1st Cir. August 1, 2006)(Unpublished). [1]

On March 1, 2007, Petitioner Arias moved to vacate, set aside or correct the court's sentence pursuant to 28 U.S.C. § 2255 on the grounds that counsel was ineffective for not moving for a downward departure either under U.S.S.G. § 4A1.3 or under U.S.S.G. § 5K2.0. (D.E. # 1)

## II. DISCUSSION

### A. Petitioner's Allegations

Section 2255 of Title 28, United States Code, provides that a prisoner in custody under sentence of a federal court may move before the court which imposed the sentence to vacate, correct, or set aside a sentence, on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. See, 28 U.S.C. § 2255.

Petitioner mischaracterizes the record by implying that he received ineffective assistance of counsel when counsel allegedly failed to move for a downward departure under Section 4A1.3 or under Section 5K2.0 of the United States Sentencing Guidelines.

---

[1] In the District Court's opinion the emphasized words of the circuit, considering the argument of petitioner, acted as a harbinger and constitute a death knoll to the current §2255 request.

Civil No. 07-1174 (DRD)
Criminal No. 04-009 (5)(DRD)                                                                 Page 5

Further, Petitioner misstates the record when he claims that at sentencing the Court expressed grave concerns about the severity of the sentence established by the Guidelines. He implies that this failure prejudiced him because of a reasonable probability the Court could have sentenced him below the sentence of imprisonment of two hundred sixty two (262) months imposed on him. (See, Petitioner's Memorandum in Support of Motion under 28 U.S.C. § 2255, p. 4; D.E. # 1).[2]

## B. Standard for Ineffective Assistance of Counsel

Petitioner asserts each of his claims under the theory of ineffective assistance of counsel. A petitioner is barred from collaterally attacking his sentence pursuant to 28

---

[2] To the contrary, the court precisely concluded that the sentence of this particular defendant had to be more severe than other offenders in the conspiracy because of his prior severe four drug related convictions:

> THE COURT: Yes, go ahead. But I cannot give him the break that I gave the first offender that makes the safety valve. I cannot do that because that would be unjust to the others, that would be really be a disparity to them... [they had no prior criminal record]
> (S.H. Tr., pp. 14-15).
> THE COURT: I add that the Court is aware that the guidelines are not mandatory, they are advisory...
> Now, in this case if I were to consider a 3553 sentence by itself and forget about the guidelines, I would have to consider the nature and circumstance of offense in this case, which is a very serious offense, considering that he has three prior cases from 1984 to the year 2004.Why? Because Section 3553(a)(1) tells me that I should include the history and characteristics of the Defendant, and the history and characteristics of the Defendant are not good because he has four very serious offenses from 1984 to the year 2004. In a period of 20 years, he imported thousands of kilos of marijuana and cocaine... And the history of his reiterated convictions demonstrates that lenient sentences in the past, which the courts have provided him; and [further] the statutes in '84, '85 and 1992, did not provide sufficient deterrence so, therefore, I have to look for a higher sentence. So this defendant is not a Defendant which can claim a disparity in sentence because he has no similar record so, **therefore, this Court finds that the appropriate sentence in this case is really a sentence using the guidelines as advisory, and that's where the Court will move**.
> (S.H. Tr., pp. 27, 28, 29, 30) (emphasis added).

U.S.C. § 2255 so far as that attack is based upon alleged errors that could have been, but were not, raised on direct appeal. See, United States v. Frady, 456 U.S. 152, 162-63, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). To avoid the resulting procedural bar, a petitioner generally must prove "both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168, 102 S.Ct. 1584. A petitioner need not, however, demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel initially in a § 2255 motion. The First Circuit has clearly stated its preference that such claims be addressed in the first instance to the district court under a § 2255 motion. United States v. Austin, 948 F.2d 783, 785 (1st Cir.1991). Accordingly, the court must review each issue on the merits.

The Sixth Amendment provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." Thus, the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir.1991) (citation omitted), cert. denied,

502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992). The Supreme Court in Strickland has set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."

Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. Singleton v. United States, 26 F.3d 233 (1st Cir. 1994). The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688, 104 S.Ct. 2052. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690, 104 S.Ct. 2052. Courts must recognize the strong presumption that counsel has rendered adequate assistance and that all significant decisions were made in the exercise of reasonable professional judgment. Id. at 689, 104 S.Ct. 2052. The evaluation of the objective reasonableness of counsel's

performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

The second prong of the Strickland test requires the petitioner to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691, 104 S.Ct. 2052. The petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052.

The Strickland Court further held that both prongs must be established in order to meet the claimant's burden, and that if either prong is not satisfied the claim must be rejected, stating:

> "Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result."

Id. at 697, 104 S.Ct. 2052

```
Civil No. 07-1174 (DRD)
Criminal No. 04-009 (5)(DRD)                                              Page 9
```

Applying the foregoing principles to Petitioner's allegation against counsel, it is pellucid that he is not to prevail in the instant petition.

**C. Alleged Failure to Seek § 4A1.3 and § 5K2.0 Departure**

Petitioner Arias first contends that he was deprived of effective assistance of counsel at sentencing when defense counsel failed to move for a downward departure under § 4A1.3 on the presumed grounds that the career offender designation overstated the seriousness of his prior record. (Pet. Memorandum, P. 4; D.E. # 1). The Government points out that the Court structured Petitioner's sentence according to (1) the offense of conviction, (2) Petitioner's past criminal history, and (3) Petitioner's present age and his probable life expectancy, and that counsel urged the Court to depart from the guidelines. (U.S.A. Response, pp. 2,8). The court finds that Petitioner's claim raising this issue lacks merit in several respects.

Insofar as Petitioner Arias' first § 2255 claim - i.e., his challenge to his "career offender" status which in his opinion warranted a downward departure - is concerned, the Court notes Petitioner Arias' assertion that his sentencing counsel was ineffective in failing to contest this issue. A showing of ineffectiveness of counsel which rises to the level of a constitutional deprivation can constitute "cause" sufficient to overcome procedural default. See, Frady, 456 U.S. at 168, 102 S.Ct. 1584. However, in order to make such a showing, a petitioner must demonstrate both that counsel's performance

fell below an objective standard of reasonableness under prevailing professional norms and that counsel's deficiencies prejudiced the petitioner. Strickland, 466 U.S. at 687. In this case, Petitioner Arias cannot establish ineffectiveness on the part of his sentencing counsel because he cannot show that counsel's conduct fell below an objective standard of reasonableness.

Fundamentally, the probation officer's classification of Petitioner Arias as a "career offender" was not erroneous. Pursuant to § 4B1.1 of the sentencing guidelines, a defendant is considered a "career offender" if:

"(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1.

As Petitioner Arias was more than eighteen years of age at the time of the instant controlled substance offense and has three prior controlled substance convictions not arising out of the instant offense conduct, he is a career offender within the meaning of U.S.S.G. § 4B1.1(a).

Where the offense level for a career offender calculated pursuant to the table under U.S.S.G. § 4B1.1(b) is greater than the offense level otherwise applicable, the

offense level from the table shall apply. In accordance with that table, the offense level determined under § 4B1.1(b) was 37.

Subsection (b) also provides that "[a] career offender's criminal history category in every case under this subsection shall be Category VI." U.S.S.G. § 4B1.1(b). Pursuant to § 4B1.1(b), Petitioner's Criminal History Category was elevated to VI.

Based on Petitioner's plea allocution, he showed recognition of responsibility for the offense. Based on his timely notification of his intention to plead guilty and because the base offense level was greater than 16, the offense level was reduced by three levels pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b). The resulting adjusted offense level was 34.

Based on the offense level of 34 and a Criminal History Category of VI, the Guidelines range for imprisonment was 262 to 327 months.

Here, the Court finds that none of the alleged errors by Petitioner's counsel actively prejudiced Petitioner. As a preliminary issue, the Court notes that much of Petitioner's argument relies on a misreading of the sentencing record. Contrary to Petitioner's assertions about counsel's alleged failure to argue for a downward departure, Petitioner acknowledged each of his three prior federal drug convictions. Sent. Tr. 3-4. The first conviction consisted of a conspiracy to possess cocaine with intent to distribute onboard a maritime vessel, and aiding and abetting under 46 U.S.C.

§ 1903 and 18 U.S.C. § 2, docketed criminal number 92-0306, in the U.S. District Court of San Diego, California. See, Sent Tr. 3. The second conviction consisted of a conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 955, docketed criminal number 85-872-Zlock, U.S. District Court of Miami. Petitioner pled guilty to Count One and was sentenced to five years imprisonment, to be served consecutively with another criminal case, also in Florida, No. 84-62. See, Sent Tr. 3-4. The third conviction was for possession with intent to distribute marijuana, docketed criminal number 84-62 before Judge Nesbit in the U.S. District Court, Florida. See, Sent Tr. 4.

Thus, Petitioner's argument is directly contradicted by the record. His attorney vigorously argued for downward departures for minor role and for the safety valve provision. Sent. Tr. 13. Counsel further asked the Court to obviate the application of the career offender status provision and to consider a sentence under the factors identified in 18 U.S.C. § 3553 (a). Sent. Tr. 13. Despite the vigorous argument of defense counsel, the Court did not think the factors argued by defense counsel warranted a downward departure and denied the request. Sent. Tr. 21. But defense counsel vigorous efforts helped Petitioner to be given a three-level reduction for acceptance of responsibility Sent. Tr. 31.

The sentencing hearing transcripts indicate that the Court was aware of its option at the time of sentencing and that the Court sufficiently articulated the reasons for its sentencing decision, including the nature of the offenses and the Petitioner's lengthy criminal record of similar offenses.

> **THE COURT:** The problem is in addition to that, that the three convictions put him as a career offender and elevated his responsibility. But even if the guidelines are not applicable – forget about career offender, take it away from your mind, take it away, all right, we have a person that has through two oceans attempted to bring into the United States huge amounts of drugs through boats.
>     You examine those four prior cases, they are cases of enormous amounts of drugs, . . .
>     Even if the Court discounts the first and says, well, the first, he's a minor and we're going to treat him as if it were a minor — not a minor in age but a minor participation role, a role in the offense of a minor — but after the second, the third and the fourth [offenses], you have to realize that he knows what he's doing.
>     He served, although under the old system — he served and apparently he kept on coming with these enormous quantities of drugs through the two oceans. So even if you take that away and I use the statutory language, which goes from ten to life, we have here a person — forget about the guidelines — that goes from 10 to life for this case. And do we agree that that's the sentencing, that's the sentencing statute, 10 to life in this case?
> **MR. MILLAN :** Yes, Your Honor.
> **THE COURT:** What would a Federal judge do with a person that is a four-time offender, with a 10 to life? What would he do? He would tend to give the higher end....

Sent. Tr. 8-9.

Thus, it is clear that at the time of sentencing, Petitioner faced a custodial sentence that, under the statutory application and criminal offense characteristics of the

Civil No. 07-1174 (DRD)
Criminal No. 04-009 (5)(DRD)                                                            Page 14

Petitioner that the Court considered, would have potentially resulted in a sentence of life imprisonment.

The Court is satisfied that the sentencing procedures were fairly administered in practice. A review of the sentencing hearing transcript reveals that it was sufficiently comprehensive to allow a fair litigation of all relevant issues bearing upon downward departures. Further, the adequacy of this hearing is not diminished by the Court's decision not to depart downward, as the record shows that Petitioner Arias was adequately represented by counsel, and that Arias's trial counsel vigorously argued for downward adjustments.

When considering the advisory Guideline sentencing range, Petitioner was exposed to a sentencing range of 262 to 327 months. Based upon the facts of Petitioner's prior criminal records, the Court simply did not consider that the proposed facts warranted a § 4A1.3 departure; the prior criminal convictions prevailed over other 3553 criteria. Instead, the Court took into account the Petitioner's age at the time of sentencing in determining that the sentence would be at the bottom of the Guideline range. Based upon the questions during Sentencing Hearing, the Presentence Report prepared by the Office of Probation, the statutory requirements for the imposition of sentences, and the relevant provisions of the Sentencing Guidelines, this Court imposed

a sentence of 262 months, at the low end of the range. (The court found that his age constituted a relevant factor warranting the lower range of the advisory guidelines.)

The Court concludes that Petitioner has not met his burden of demonstrating "prejudice" under the second prong of the Strickland test, because he has not demonstrated that even if his attorney had articulated his motion for downward departure under § 4A1.3, there was a reasonable probability that this Court would have granted the requested departure. To the contrary, the Court finds that based upon its review of Petitioner's prior criminal history at the time of the sentencing, the court did not believe that a departure on that ground was warranted. Thus, it is not necessary for us to make a finding under the first prong of Strickland on this claim. Strickland, 466 U.S. at 697. Finally, on direct appeal, Petitioner challenged the difference in sentence length between Petitioner and his co-defendants, who were all first time offenders as opposed to Petitioner who was a career offender. The appellate court rejected the argument on the ground that they were not similarly situated. Singleton v. United States, 26 F.3d 233, 240 (1st Cir.1993) ( " '[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." ' (quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir.1967)); United States v. Michaud, 901 F.2d 5, 6 (1st Cir.1990) ("We note that certain other claims raised in the § 2255 motion were decided on direct appeal and may not be relitigated under a different label on collateral

review."). The existing record shows conclusively that Petitioner is not entitled to relief on this claim.

Likewise, Petitioner alleges that counsel was ineffective for failing to move for a downward departure pursuant to § 5K2.0 - reduction for a mitigating circumstance not adequately considered by the Guidelines. Petitioner specifies no such circumstance here and the record discloses none. Assuming he referred to a downward departure based upon the disparity of the sentence he received compared to the sentences of other individuals involved in the case, Petitioner's sentence was higher because he was sentenced as a career offender under § 4B1.1  Yet he was sentenced to the minimum sentence authorized under the career offender guideline range. With a sound basis for disparity in sentences, it is more likely than not that Petitioner's motion would have been rejected anyway. Finally, the abstract existence of § 5K2.0 as an additional basis for departure was of no demonstrated relevance to Petitioner.

## III. CONCLUSION

Petitioner has the burden to establish ineffective assistance of counsel. He has not sustained this burden. There is nothing to show that counsel's performance was deficient. There was nothing to show that counsel made errors so serious that he was not functioning as the counsel guaranteed to Petitioner under the Sixth Amendment. There is nothing to show that if counsel committed errors, they were so serious as to prevent him from having a fair proceeding. Accordingly, Petitioner's request is denied.

```
Civil No. 07-1174 (DRD)
Criminal No. 04-009 (5)(DRD)                                    Page 17
```

For the reasons stated, the Court concludes that Petitioner RAMIRO ARIAS is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner RAMIRO ARIAS' request for habeas relief under 28 U.S.C. §2255 (Docket No. 1) is DENIED, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of May 2008.

                                        S/ Daniel R. Domínguez
                                        **DANIEL R. DOMÍNGUEZ**
                                        **U. S. DISTRICT JUDGE**